**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrienne Jensen,<br><br>          Plaintiff,<br><br>v.<br><br>United States Tennis Association,<br><br>          Defendant. | No. CV-22-01905-PHX-DJH<br><br>**ORDER** |

Defendant United States Tennis Association ("Defendant") has filed a Motion to Dismiss Plaintiff Adriene Jensen's ("Plaintiff") claim with prejudice and a Motion to Transfer Venue to the United States District Court for the District of Kansas. (Docs. 5; 6).[1] The Court must now decide whether Defendant's res judicata claim, as brought in its Rule 12(b)(6) Motion to Dismiss, is meritorious and precludes Plaintiff's action before this Court. If not, the Court must decide whether this case should be transferred back to the District Court of Kansas.

**I.   BACKGROUND**

This case concerns Defendant's alleged negligence. Plaintiff alleges Defendant breached its "duty to protect [Plaintiff] and all other minor members from sexual abuse,

---

[1] Both motions are briefed (Docs. 15; 16; 20; 21). Both parties requested oral argument on the Motion to Transfer. (*See* Docs. 16; 21). Only Defendant requested oral argument on the Motion to Dismiss. (*See* Doc. 20). The Court will deny the requests for oral argument, finding the issues to be fully briefed and oral argument to be unnecessary. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

battery, harassment, and exploitation by its adult members, including [Plaintiff's coach]."[2] (Doc. 1-3 at ¶¶ 64–65). Plaintiff claims this breach occurred because Defendant lacked "policies and procedures" and "training and resources" that would have better protected Plaintiff and other minor members. (*Id.* at ¶ 65). Specific to Arizona, Plaintiff alleges Defendant's negligence resulted in her former coach sexually assaulting her in a Scottsdale hotel room when she was 15 years old. (*Id.* at ¶¶ 49–61).

A case involving these same parties was filed and litigated in the U.S. District Court for the District of Kansas ("District of Kansas").[3] (*See* Docs. 6-3; 6-5). There, Plaintiff argued that "[a]s a direct and proximate result of the USTA's actions," her coach sexually assaulted and emotionally abused her over several years. (Doc. 6-5 at ¶ 142). After considering the parties arguments over statute of limitations, the court granted Defendant's motion for summary judgment because "[t]he claims . . . are clearly time barred" under Nevada and Kansas law. (Doc. 6-3 at 12–13).

Here, Defendant moves to dismiss Plaintiff's Complaint with prejudice, contending the Kansas case clearly bars Plaintiff's claim under the doctrine of res judicata. (*See* Doc. 5 at 2–3). Plaintiff, on the other hand, argues her "claims related to the abuse that she endured in Arizona . . . remain ripe." (Doc. 15 at 2). Plaintiff further contends that Supreme Court precedent "clearly establishes that the doctrine of *res judicata* does not apply" here. (*Id.*)

If Defendant's Motion to Dismiss fails, Defendant seeks to transfer the case back to the District of Kansas because "Plaintiff has already sued USTA on the same claims and facts asserted in the Arizona Action" in the Kansas federal court. (Doc. 6 at 3). Therefore, Defendant argues the District of Kansas is the best court to address any remaining grievances. (*Id.* at 3–4). Plaintiff counters that "we're not in Kansas anymore. That case is over. [Plaintiff] lost. This is a new case based most significantly on the sexual abuse she

---

[2] The former tennis coach, Haultain, was "sentenced to 78 months imprisonment and deported." (Doc. 6-3 at 3).

[3] The Kansas case involved a second defendant, Kansas City Racquet Club, who is not included in this case.

suffered in Arizona." (Doc. 16 at 5).

## II. LEGAL STANDARD: *RES JUDICATA* VIA 12(B)(6) MOTION

A motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), requires this Court to evaluate the legal sufficiency of Plaintiff's claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). The test requires that Plaintiff present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These facts must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" with "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In short, the test requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Defendant, however, is using Rule 12(b)(6) to assert its *res judicata* claim, rather than to contest the plausibility of Plaintiff's negligence claim. Although "affirmative defenses like *res judicata* must be raised in a responsive pleading, [] the Ninth Circuit has held that a party may raise a *res judicata* defense by motion rather than by answer where the merits of the defense can be determined on the face of the complaint." *Bracy v. Phoenix*, 2016 WL 1365968, at *2 (D. Ariz. Apr. 6, 2016) (citing *Guam Inv. Co. v. Cent. Bldg., Inc.*, 288 F.2d 19, 24 (9th Cir. 1961)).

The Court may also take judicial notice of other federal or state court proceedings "if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)); Fed. R. Evid. 201. Such notice does not "convert[] the motion to dismiss into a motion for summary judgment." *Fifer v. City of Phoenix*, 2011 WL 4708807, at *2 (D. Ariz. Oct. 7, 2011) (citing *United States v. Richie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Borneo, Inc.*, 971 F.2d at 248).

## III. DISCUSSION

This Court must decide whether Plaintiff's negligence claim is barred by the doctrine of res judicata. If so, the Court must grant Defendant's 12(b)(6) Motion to

Dismiss. If not, the Court will evaluate Defendant's Motion to Transfer Venue to the District of Kansas.

### A. Res Judicata

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Res judicata doctrine seeks to "protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)) (alterations in original).

Under *Semtek Int'l Inc. v. Lockheed Martin Corp.*, "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." 531 U.S. 497, 508 (2001). Federal common law also requires courts to determine the preclusive effect of the prior decision by reference to the law of the state where the original rendering federal diversity court sits. *Id.* "[A]ny other rule would produce the sort of 'forum-shopping . . . and . . . inequitable administration of the laws' that *Erie* seeks to avoid[.]" *Id.* at 508–09 (quoting *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)).

#### 1. Supreme Court's *Semtek* Ruling

Plaintiff first argues res judicata does not apply here because the Supreme Court's *Semtek* decision controls. (Doc. 15 at 5). Plaintiff contends *Semtek* holds a statute of limitations judgment is not a judgment on the merits because such a judgment "do[es] not pass upon the substantive merits of a claim." (*Id.* at 3–4 (quoting *Semtek*, 531 U.S. at 502)). Although *Semtek* guides this decision, the Court rejects Plaintiff's proposed application.

The Ninth Circuit is instructive. It found that "[w]hen it is necessary for a federal district court with diversity jurisdiction to determine the preclusive effect of a prior decision by a different federal district court sitting in diversity, *the second court must apply*

preclusion principles according to the law of the initial court's state." *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1244 (9th Cir. 2017) (emphasis added). Under this rule, this Court must apply Missouri law—the law the District of Kansas used.

First, this Court is sitting in diversity. Federal courts have diversity jurisdiction under 28 U.S.C. § 1332 when: (1) there is a complete diversity of citizenship among the parties, i.e., no plaintiff is a citizen of the same state as any defendant; and (2) the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Plaintiff is a resident of Tennessee, while Defendant is a New York corporation with its principal headquarters in White Plains, New York. (Doc. 5-1 at ¶¶ 3–4). The amount in controversy—$300,000 or more—exceeds $75,000.00. (Doc. 5-1 at ¶¶ 2, 70).

Second, the previous federal court—the District of Kansas—was sitting in diversity. (*See* Docs. 5-4 at 5; 5-5 at 2; 5-6 at 1, 8). However, the District of Kansas court applied Missouri law in the previous decision because that action "was transferred . . . from the Western District of Missouri under 28 U.S.C. § 1404(a)." (Doc. 5-4 at 5). The District of Kansas court was therefore required to apply "the law of the transferor court's forum state." (*Id.* (citing *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964)).

Here, under *Semtek* and *Daewoo*, "the law of the initial court's state" is Kansas. Nevertheless, due to the transfer from Missouri to Kansas, the District of Kansas court applied Missouri law. This Court will follow suit and apply Missouri law to determine the preclusive nature of the District of Kansas' previous decision.

**2.    Missouri Res Judicata Law**

Missouri res judicata law requires four "identities" for a second cause of action to be barred: "(1) identity of the things sued for; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or status of the person for or against whom the claim is made." *Lauber–Clayton, L.L.C. v. Novus Props. Co.*, 407 S.W.3d 612, 618 (Mo. Ct. App. 2013) (quoting *Spath v. Norris*, 281 S.W.3d 346, 350 (Mo. Ct. App. 2009)). "Res judicata also requires an adjudication on the merits." *Romeo v. Jones*, 86 S.W.3d 428, 432 (Mo. Ct. App. 2002) (citing *Vilsick v. Standard Insulations,*

- 5 -

*Inc.*, 926 S.W.2d 499, 501 (Mo. Ct. App. 1996)); *see also Robin Farms, Inc. v. Beeler*, 991 S.W.2d 182, 185 (Mo. Ct. App. 1999) ("[A] final judgment on the merits must have been rendered involving the same claim or issue sought to be precluded in the cause in question.").

### a.   Identity of things sued for

The first identity asks whether the item sued for "in the prior proceeding[] is the same as the thing sued for in the subsequent proceeding." *Xiaoyan Gu v. Da Hua Hu*, 447 S.W.3d 680, 689 (Mo. Ct. App. 2014). Both actions primarily focus on monetary damages, but Plaintiff also requested injunctive relief in the District of Kansas case. (*Compare* Doc. 5-5 at 16, *with* Doc. 5-1 at ¶¶ 70–72). Here, Plaintiff only requests monetary damages. (*See* Doc. 5-1 at ¶¶ 70–72). The Court thus finds the first identity is met, namely Plaintiff sued for monetary damages both here and in the previous action.

### b.   Identity of the cause of action

The second identity requires courts to determine whether both actions "arose out of the same act, contract, transaction, or series of transactions." *Commonwealth Land Title Ins. Co. v. Miceli*, 480 S.W.3d 354, 363 (Mo. Ct. App. 2015) (citing *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 319 (Mo. 2002)). The "identity of the cause of action [is] 'the underlying facts combined with the law, giving a party a right to a remedy of one form or another based thereon.'" *Xiaoyan Gu*, 447 S.W.3d at 689–90 (quoting *Williams v. Fin. Plaza, Inc.*, 78 S.W.3d 175, 183 (Mo. Ct. App. 2002)).

Both this suit and the District of Kansas suit allege a negligence claim against Defendant. (*See* Docs. 5-1 at ¶¶ 63–69; 5-5 at ¶¶ 137–42). Both this Complaint and the District of Kansas complaint allege Defendant had a duty to protect minor members from abusive behavior by member coaches, that Defendant breached that duty in several ways, and Plaintiff was greatly harmed by Defendant's negligence. (Docs. 5-1 at ¶¶ 64–68; 5-5 at ¶¶ 139–42).

In making this claim, both suits discuss a series of harmful events perpetuated by Plaintiff's former tennis coach: (1) "groom[ing] and manipulat[ion]" of Plaintiff beginning

when she started competitively training and competing in the Kansas City area; (2) inappropriate and nonconsensual behavior toward Plaintiff while traveling to a tournament in Las Vegas, Nevada, while at a tournament in Alabama, and while traveling through St. Louis, Missouri; and (3) Plaintiff being sexually assaulted in a Scottsdale hotel room during an Arizona tournament. (*See* Docs. 5-1 at ¶¶ 40–61; 5-5 at ¶¶ 51–79, 81–83, 99–125).

Here, Plaintiff highlights the Arizona-related allegations and harmful events. (*See* Doc. 15 at 3 ("[Plaintiff] was sexually abused by her coach in her hotel room when they were both in Scottsdale, Arizona for a USTA Tournament, and her sole claim for relief against USTA sounds in negligence for failure to have appropriate policies, procedures, training, and resources.")). Both this Complaint and the District of Kansas complaint stem from and allege the same "series of transactions" that would potentially provide Plaintiff with "a right to a remedy" for her negligence claim. Specifically, both complaints allege and detail the disturbing situation in Scottsdale, Arizona, and Defendant's alleged breach enabling such a situation to occur.

Although Plaintiff focuses on Arizona in her briefing, the Complaint does not allege major differences from the previous District of Kansas complaint. There are no Arizona-specific allegations against Defendant that were not present in the previous complaint. The Court therefore finds this identity to be met—both actions involve the same "series of transactions" and contain no major distinctions between the negligence claims.

### c.  Identity of parties

The third identity requires courts to decide "whether the identity of the person and parties in the prior adjudication is the same as the identity of the person and parties in the subsequent action." *Xiaoyan Gu*, 447 S.W.3d at 690. "[R]es judicata applies to the parties and their privies, meaning that the party in the instant action need not have actually been a party in the prior action." *Id.* (internal citation omitted). Besides previous-defendant Kansas City Racquet Club, both actions involve Plaintiff Adrienne Jensen and Defendant United States Tennis Association. (Docs. 5-5 at ¶¶ 2–4; 5-1 at ¶¶ 3–4). The Court finds this identity to be met.

### d. Identity of the quality or status of the person

The fourth identity asks whether "the identity of the 'quality of the person' for or against whom the claim is made is the same in both suits." *Xiaoyan Gu*, 447 S.W.3d at 692. Missouri courts have found this identity where "the status in which the [defendant] was sued was the same in both actions." *Jordan v. Kansas City*, 929 S.W.2d 882, 887 (Mo. Ct. App. 1996).

Here, Defendant is the named defendant in both this case and the District of Kansas action. (Docs. 5-1 at ¶ 4; 5-5 at ¶ 2). Defendant is being sued for the same claim in both: negligence. (Docs. 5-1 at ¶¶ 63–69; 5-5 at ¶¶ 137–42). Defendant's alleged capacity is identical in both actions—that is, Defendant, as the overarching national tennis association, breached its duty to protect Plaintiff and other minor members. (*See* Docs. 5-1 at ¶¶ 63–69; 5-5 at ¶¶ 137–42). The Court accordingly finds the fourth identity to be met.

The Court finds that all four "identities" are met. Nevertheless, Missouri law also requires this Court to determine whether the prior District of Kansas decision was an adjudication "on the merits."

### e. Adjudication on the merits

Under Missouri law, "[t]he dismissal of an action based upon the running 'of the statute of limitations is a final adjudication on the merits for purposes of *res judicata*.'" *Lomax v. Sewell*, 50 S.W.3d 804, 811 (Mo. Ct. App. 2001) (quoting *Jordan*, 929 S.W.2d at 886); *see also Snelling v. Kenny*, 491 S.W.3d 606, 615 (Mo. Ct. App. 2016) (affirming that dismissal on statute of limitations grounds is a final adjudication on the merits). Plaintiff's District of Kansas action was dismissed because the applicable statutes of limitations for negligence had run. (Doc. 5-4 at 5, 12–13). The final order specifically states: "the uncontroverted facts demonstrate that plaintiff's negligence claims are barred by the statute of limitations." (*Id.* at 5). The Court, as dictated by Missouri law, thus finds the District of Kansas action to be "a final adjudication on the merits."

The Supreme Court's *Semtek* ruling, along with subsequent Ninth Circuit interpretation, requires this Court to apply Missouri preclusion law here. In so doing, the

Court must find Plaintiff's current negligence action against Defendant barred by the doctrine of res judicata. All four required "identities" exist here, and the prior District of Kansas adjudication was a final adjudication on the merits.[4]

### B. Plaintiff's Fairness Argument

Last, Plaintiff argues it is unfair to apply res judicata because Arizona's negligence statute of limitations is more generous than Missouri's. Plaintiff cites to *Forsythe v. United States* to support this proposition. 502 F. App'x 689, 692 (9th Cir. 2012). There, the court stated that "in this circuit, res judicata applies to a previous dismissal based on statute-of-limitations grounds unless the effect of the bar would be unfair." *Id.* (citing *In re Marino*, 181 F.3d 1142, 1144–45 (9th Cir. 1999). Although the Court acknowledges the gravity of Plaintiff's claims, it nevertheless finds "[t]he application of res judicata in this situation may appear to be harsh, but it is not unfair." *Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 593 (9th Cir. 1985).

As discussed, *Semtek* directs this Court to follow Missouri preclusion law. The *Forsythe* decision is neither published nor binding precedent on this Court,[5] although its proposition stems from other Ninth Circuit decisions. *See, e.g.*, *Zhang v. Dep't of Lab. & Immigr.*, 331 F.3d 1117, 1119 (9th Cir. 2003); *Marin*, 769 F.2d at 593. These precedential decisions, however, do not aid Plaintiff's unfairness argument. (*See* Doc. 20 at 9–13). This is because Plaintiff has already accepted the District of Kansas court's rejection of her

---

[4] Kansas law would similarly preclude this action under res judicata grounds. Kansas law holds "[r]es judicata (claim preclusion) prevents relitigation of previously litigated claims and consist of the following four elements: (1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits." *Winston v. State Dep't of Soc. & Rehab. Servs.*, 49 P.3d 1274, 1285 (Kan. 2002). Kansas law dictates "that any dismissal is a judgment on the merits unless it is a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Kan. Stat. Ann. § 60–219." *Netwig v. Georgia-Pac. Corp.*, 266 F. Supp. 2d 1279, 1284 (D. Kan. 2003). In so ruling, the *Netwig* decision quoted the Kansas Court of Appeals: "dismissal based upon the statute of limitations operates as an adjudication upon the merits." *Moore v. Luther*, 35 P.3d 277, 279 (Kan. Ct. App. 2001), *abrogated on other grounds by Vorhees v. Baltazar*, 153 P.3d 1227 (Kan. 2007). The Court notes the only potential difference between Kansas and Missouri law is Kansas' third element. However, Plaintiff only raises one claim against Defendant in both the action here and the previous District of Kansas action: negligence. Thus, the result would be the same if the Court applied Kansas law, rather than Missouri law.

[5] *See* 9th Cir. R. 36-3 (citation of unpublished opinions).

claims. *See Marin*, 769 F.2d at 594 ("Because [Plaintiff] accepted the court's final rejection of [her] claims in one instance without appealing, [she] can claim no fairness requirement that [she] be allowed to continue to litigate the same claims in a different courtroom."). Plaintiff did not appeal the District of Kansas action. (*See* Docs. 15 at 8–9; 20 at 10). While it may appear harsh, the Court must reject Plaintiff's contention that dismissal is unfair.

### IV. CONCLUSION

The Court therefore grants Defendant's Motion to Dismiss (Doc. 5) under Rule 12(b)(6) because Missouri res judicata law precludes Plaintiff's claim. Because the Motion to Dismiss is granted, the Court need not address and will accordingly deny Defendant's Motion to Transfer Venue (Doc. 6).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United States Tennis Association's Motion to Dismiss (Doc. 5) is **granted with prejudice.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Transfer Venue to the United States District Court for the District of Kansas (Doc. 6) is **denied as moot**.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action.

Dated this 27th day of April, 2023.

Honorable Diane J. Humetewa
United States District Judge