Joseph J. Popolizio, Bar #017434
Daniel A. Shudlick, Bar #035950
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone:  (602) 263-1741
Fax:  (602) 200-7876
jpopolizio@jshfirm.com
dshudlick@jshfirm.com

Derek G. Johannsen, Pro Hac Vice
JOHANNSEN LAW LLC
3770 Broadway Blvd, Suite 210
Kansas City, MO 64111
Phone: 816-994-9700
derek@johannsenlawfirm.com

Heather R. Hatley, Pro Hac Vice
FRANKE SCHULTZ & MULLEN, P.C.
8900 Ward Parkway
Kansas City, MO 64114
Phone: (816)421-7100
Fax: (816) 421-7915
hhatley@fsmlawfirm.com

Jeffrey S. Bucholtz, Pro Hac Vice
Amy R. Upshaw, Pro Hac Vice
KING & SPALDING LLP
1700 Pennsylvania Avenue NW, Suite 900
Washington, DC 20006
Phone: (202) 737-0500
Fax: (202) 626-3737
jbucholtz@kslaw.com
aupshaw@kslaw.com

Attorneys for Defendant United States Tennis
Association, Incorporated

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Adriene Jensen, | No. 2:22-cv-01905-PHX-DJH |
| Plaintiff, | **JOINT STATUS REPORT** |
| v. | |
| United States Tennis Association, Incorporated, | |
| Defendant. | |

118349833.1

1    Pursuant to the Court's April 8, 2025 Order [Doc. 34], Plaintiff Adriene

2    Jensen and Defendant United States Tennis Association, Incorporated ("USTA") submit

3    their Joint Status Report after meeting and conferring on this matter. Counsel for Plaintiff

4    and Defendant met and conferred via telephone on April 17, 2025, and thereafter via email.

5    This action arises from an alleged sexual assault by Plaintiff's private coach,

6    Rex Haultain.  Plaintiff claims that USTA breached a duty to protect Plaintiff and other

7    minor members from abuse, which allegedly occurred across several jurisdictions. Plaintiff

8    originally filed suit in the Maricopa County Superior Court, and USTA removed the case

9    to this Court in November 2022. [*See* Doc. 1.] A case involving these same parties was

10   filed and litigated in the U.S. District Court for the District of Kansas. [*See* Docs. 5, 6.]

11   USTA filed a Motion to Dismiss with Prejudice in this lawsuit based on res judicata [Doc.

12   5], and a Motion to Transfer Venue to the United States District Court for the District of

13   Kansas. [Doc. 6.] USTA moved to stay the Rule 16 Conference pending the Court's

14   resolution of those motions. [Doc. 24.] The Court granted that motion and stayed the Rule

15   16 Conference until the Court had the opportunity to rule on those pending motions. [Doc.

16   25.]  In April 2023, this Court granted Defendant's Motion to Dismiss and denied as moot

17   Defendant's Motion to Transfer Venue. [Doc. 26.] Plaintiff appealed. After oral argument,

18   the Ninth Circuit Court of Appeals reversed and remanded. *Jensen v. United States Tennis*

19   *Ass'n*, No. 23-15757, 2025 WL 707447, at *1 (9th Cir. Mar. 5, 2025). In doing so, the

20   Ninth Circuit indicated that the Motion to Transfer Venue was no longer moot. *Id.* at *3

21   n.2.  The Ninth Circuit filed its mandate on April 7, 2025. [Doc. 33.]

22   The Parties submit that the previously completed briefing on the Motion to

23   Transfer Venue is ripe for the Court's review and respectfully request that the Court rule

24   on that Motion, as it is no longer moot.

25   **PLAINTIFF'S STATEMENT**

26   Plaintiff states that the motion to transfer is fully briefed and ripe for

27   resolution. However, discovery should not be stayed pending this Court's ruling on the

28   transfer issue. In nearly five years of litigation, Plaintiff has not been permitted to conduct

2

118349833.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

any meaningful discovery in this case. In the Kansas action, Plaintiff was permitted only one deposition under Fed. R. Civ. Proc. 30(b)(6), and from Plaintiff's perspective, that single deposition was arbitrarily limited in time and scope. Furthermore, any fact discovery conducted in this venue is unlikely to be materially different from discovery conducted in Kansas, should this Court ultimately decide to transfer the case. Similarly, there is no reason why a discovery plan in this Court would be any different from the Kansas court's discovery plan, even if "tailored" to the needs of this case, as USTA suggests.

Plaintiff further objects to any bifurcation of discovery here; again, this case has been in procedural limbo for five years. Defendant has thus far managed to evade any meaningful discovery on the core issue of its own negligence, and there is no reason for further delay. In particular, Plaintiff objects to Defendant's suggestion that further discovery be conducted on the statute of limitations issue, as that issue has now been fully litigated in multiple courts, including this one.

Plaintiff therefore respectfully requests that the Court schedule a Rule 16 Conference and allow discovery to commence pending resolution of the transfer issue.

**DEFENDANT'S STATEMENT**

It is Defendant's position that this Court's stay of the Rule 16 Conference should remain in force until the transfer motion is resolved. [Doc. 25.] Courts routinely stay proceedings pending a motion to transfer, and a stay is particularly appropriate here. Any possibility of damage from the stay is minimal given that the motion to transfer venue is fully briefed. The stay will also further the orderly course of justice and avoid unnecessary hardship for both parties. As this Court explained, and as the Ninth Circuit affirmed, this action and the prior Kansas action are materially identical. *See* Dkt. 26 5-7; *Jensen v. USTA*, 2025 WL 707447 at *1 ("We agree with the district court that the first 'identities' are met between Jensen's first and second lawsuits."). In that earlier, materially identical action, the district court in Kansas bifurcated discovery, with the first phase focused on the potentially dispositive issues of legal duty, choice of law, and statute of limitations. The parties completed the first phase of discovery and briefed summary

3

118349833.1

1  judgment on those issues. The court granted summary judgment on the statute of

2  limitations and declined to address the duty arguments. *See Jensen v. USTA*, No. 2:20-cv-

3  02422 (D. Kan. May 9, 2022), Doc. 137. If the Court were to grant the motion to transfer,

4  the district court in Kansas may use its prior experience in this litigation to provide a more

5  tailored discovery plan that would ease the burdens on the parties and on the court.

6  Defendant accordingly asks this Court to keep its stay of the Rule 16 Conference in place

7  until resolution of the motion to transfer.

8      In the event this Court proceeds with discovery, USTA requests that this Court

9  adopt the approach taken in the previous iteration of this litigation in Kansas to bifurcate

10  discovery. Phase I of discovery would focus on the potentially dispositive issues of duty,

11  choice of law, and statute of limitations.  The parties could then move for summary

12  judgment on those issues. If summary judgment does not resolve the case, the parties would

13  proceed with Phase II of discovery focused on the remaining negligence elements.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

118349833.1

DATED this 21st day of April, 2025.


SAEED & LITTLE, LLP                    JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Jonathan Little (w/ permission)  By /s/ Joseph J. Popolizio
      Jonathan Little                           Joseph J. Popolizio
      #133 – 189 Market Street            Daniel A. Shudlick
      Indianapolis, IN 46204               40 N. Central Avenue, Suite 2700
      Attorney for Plaintiff                   Phoenix, Arizona 85004

                                                    JOHANNSEN LAW LLC
                                                    Derek G. Johannsen, Pro Hac Vice
                                                    3770 Broadway Blvd, Suite 210
                                                    Kansas City, MO 64111

                                                    FRANKE SCHULTZ & MULLEN, P.C.
                                                    Heather R. Hatley, Pro Hac Vice
                                                    8900 Ward Parkway
                                                    Kansas City, MO 64114

                                                    KING & SPALDING LLP
                                                    Jeffrey S. Bucholtz, Pro Hac Vice
                                                    Amy R. Upshaw, Pro Hac Vice
                                                    1700 Pennsylvania Avenue NW, Suite 900
                                                    Washington, DC 20006

                                                    Attorneys for Defendant United States Tennis
                                                    Association, Incorporated

5

118349833.1

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on this 21st day of April, 2025, I caused the foregoing

3  document to be filed electronically with the Clerk of Court through the CM/ECF System

4  for filing; and served on counsel of record via the Court's CM/ECF system.

5  Jonathan Little
   SAEED & LITTLE, LLP
6  #133 – 189 Market Street
   Indianapolis, IN 46204
7  jon@sllawfirm.com
   Attorney for Plaintiff

8

9
   /s/ Megan Axlund
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

118349833.1