**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrienne Jensen, | No. CV-22-01905-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| United States Tennis Association, | |
| Defendant. | |

Pending before the Court is Defendant United States Tennis Association's ("Defendant") Motion to Transfer Venue to the District of Kansas.[1] (Doc. 6). The Venue Motion is fully briefed. (Docs. 16 & 21).

**I.   Background**

A case involving these same parties was filed in June of 2020 and litigated in the District of Kansas. (*See* Doc. 26 at 2; Doc. 6-3 at 9). There, Plaintiff Adrienne Jensen ("Plaintiff") argued that her coach sexually assaulted and emotionally abused her over several years due to Defendant's negligence. (Doc. 26 at 2). On summary judgment, the court agreed with Defendant that the claims were time barred under Nevada and Kansas law and dismissed her suit in May of 2022. (Doc. 6-3 at 13).

Plaintiff filed her Arizona complaint on September 26, 2022. (Doc. 1-3 at 2). In this matter, Plaintiff again alleges Defendant breached its duty to protect Plaintiff and all other minor members from sexual abuse, battery, harassment, and exploitation by its adult

---

[1] USTA states that it is a corporation organized under the laws of New York with its principal place of business in New York. (Doc. 1 at ¶ 11).

members, including Plaintiff's coach. (Doc. 1-3 at ¶¶ 64–65). Plaintiff claims this breach occurred because Defendant lacked "policies and procedures" and "training and resources" that would have better protected her and other minor members. (*Id.* at ¶ 65). Plaintiff specifically alleges Defendant's negligence resulted in her former coach sexually assaulting her in a Scottsdale, Arizona, hotel room when she was 15 years old. (*Id.* at ¶¶ 49–61).

## II. Discussion

Defendant asks the Court to transfer this matter under 28 U.S.C. § 1404(a) "for the convenience of the parties and in the interest of justice as the case has been fully litigated."[2] (Doc. 6 at 1). Plaintiff argues that venue is proper here as the District of Kansas Court's "finding that the statute of limitations had run was not a finding that her substantive case was without merit, and she was free to file the present case against only [the] USTA for the abuse that she endured at a tournament in Scottsdale, Arizona." (Doc. 16 at 2).

A civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is located." 28 U.S.C. § 1391(b). If the current venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

A district court "*may* transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses" or "in the interest of justice." 28 U.S.C. § 1404(a) (emphasis added). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org.,*

---

[2] Defendant's argument that the District of Kansas is familiar with the facts of this case is without merit. (Doc. 6 at 3–4). The Kansas Court bifurcated discovery into two phases, the first of which dealt only with the issues of legal duty, the statute of limitations, and which state's laws would apply. (Docs. 15 at 4; 20 at 11). So, the Kansas Court is not "familiar with the facts of this case," as Defendant argues as no discovery was done on the merits of Plaintiff's claims. (*Cf.* Doc. 6 at 3–4).

*Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotations and citations omitted). The party moving for transfer has the burden of showing that transfer is appropriate. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Saunders v. USAA Life Ins. Co.*, 71 F. Supp. 3d 1058, 1060 (N.D. Cal. 2014) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). "To determine whether transfer is appropriate, the court first examines whether the action could have been brought in the district to which transfer is sought." *Id.* (citing *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir.1985)). "If the proposed district is a viable one, the court then goes through an 'individualized, case-by-case consideration of convenience and fairness.' " *Id.* (citations omitted).

The Court finds that Plaintiff could not have brought *this* action in Kansas. Defendant is headquartered in New York—not Kansas. (Doc. 1-3 at ¶ 4; Doc. 1 at ¶ 11). Defendant states that it is incorporated and headquartered in White Plains, New York. (Doc. 6 at 8). So, venue is not proper in Kansas under Section 1391(b)(1). *See* 28 U.S.C. 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which any defendant *resides*"); 28 U.S.C. § 1391(c)(2) ("an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to *reside*, if a defendant, ***in any judicial district in which such defendant is subject to the court's personal jurisdiction*** with respect to the civil action in question") (emphasis added). Kansas venue is also improper under Section 1391(b)(2) as Plaintiff's Complaint is void of any allegations taking place there. (*See* Doc. 1-3). Her allegations in this matter center around sexual abuses she suffered while traveling *outside* of Kansas. (*See id.*)

Venue is proper in Arizona, however, under Section 1391(b)(2). Plaintiff alleges Defendant's negligence resulted in her former coach sexually assaulting her in a Scottsdale hotel room when she was 15 years old. (Doc. 1-3 at ¶¶ 49–61). Plaintiff has therefore

alleged that "a substantial part of the events or omissions giving rise to the claim occurred" in the District of Arizona. 28 U.S.C. § 1391(b)(2). Simply put, Plaintiff could not have brought this action in Kansas relying on the current allegations in her Complaint as she does not allege any substantial part of the action happened there. *Saunders*, 71 F. Supp. 3d at 1060.[3]

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Transfer Venue (Doc. 6) is **DENIED**.

Dated this 8th day of May, 2025.

Honorable Diane J. Humetewa
United States District Judge

---

[3] Because the Court finds that this action could not have been brought in Kansas at the first step, it need not go through the convenience and fairness considerations at step two. *See Saunders*, 71 F. Supp. 3d at 1060.